UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNEST EUSEA | * | CIVIL ACTION NO. 23-6643 |
| | * | |
| VERSUS | * | SECTION: "A"(4) |
| | * | |
| ST. CHARLES PARISH SHERIFF'S OFFICE ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant, St. Charles Parish Sheriff's Office ("Sheriff's Office"). Plaintiff, Ernest Eusea, has not filed an opposition. The motion, submitted for consideration on January 31, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

Eusea brought this suit pro se against the Sheriff's Office and the 29th Judicial District Court for the Parish of St. Charles. He alleges that the Sheriff's Office pulled him over for speeding and arrested and cited him for operating a motor vehicle without a driver's license. This citation was ultimately adjudicated in the 29th Judicial District Court. Eusea asserts that the Sheriff's Office and the 29th Judicial District Court each violated his rights and were unauthorized to exercise jurisdiction over him.

The Sheriff's Office has moved to dismiss Eusea's complaint on two grounds. First, it has moved to dismiss under Rule 12(b)(5), asserting that, under Federal Rule of Civil Procedure 4, Eusea failed to properly effectuate service of process. It claims that its agent for service of process never received a summons with a copy of the complaint, and that the complaint was instead delivered to a front-desk employee. It further asserts that certain documents, including the

1

summons, were not included. Second, it has moved to dismiss under Rule 12(b)(6), arguing that Louisiana does not recognize Sheriff's Offices as entities capable of being sued, and that Eusea therefore cannot properly state a claim against the Office.

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

The Sheriff's Office argues that it cannot be sued under Louisiana law. The Louisiana Supreme Court has made this clear, stating that "[i]t is well settled . . . that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 3/17/97). Rather, "[i]t is the elected Sheriff, not the 'Parish Sheriff's Office,' that is the constitutionally designated chief law enforcement officer of the Parish. The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id.* (citations omitted). Here, Eusea named the St. Charles Parish Sheriff's Office as defendant, as opposed to Greg Champagne in his capacity as Sheriff of St. Charles Parish. Because the Sheriff's Office is not capable of being sued, this Court may dismiss Eusea's complaint under Rule 12(b)(6).

However, the Court notes that Eusea filed this complaint pro se. To provide leniency to Eusea, the Court will grant leave to amend his complaint to name the proper party—Greg Champagne, in his capacity as Sheriff of St. Charles Parish—to cure the deficiency creating grounds for dismissal.[1]

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant, St. Charles Parish Sheriff's Office, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff shall move to amend his complaint no later than **March 15, 2024**, to cure the deficiency addressed above. The plaintiff shall ensure that

---

[1] The Court further notes that Eusea failed to properly serve the defendant. As shown in the Sheriff's Office's attached declaration of Maurice Bostick, designee of Greg Champagne, Eusea delivered the complaint without a Federal Court Civil Summons or a Notice of Lawsuit & Request for Waiver of Service of Summons form. Further, he delivered the envelope to a staff member working the reception desk of the Sheriff's Office. Bostick's presence was never requested, nor was that of Greg Champagne. Nevertheless, the improper service of process claim is moot because the Sheriff's Office may not be sued. When Eusea amends his complaint, he must ensure that he properly serves the newly named defendant with the amended complaint to avoid dismissal under Rule 12(b)(5).

he properly serves the named defendants within the time required by rule. If the plaintiff fails to amend his complaint, the defendant may re-assert the arguments set forth in this motion.

February 9, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4