UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNEST EUSEA | * | CIVIL ACTION NO. 23-6643 |
| | * | |
| VERSUS | * | SECTION: "A" (4) |
| | * | |
| ST. CHARLES PARISH SHERIFF'S OFFICE ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Rec. Doc. 10)** filed by Defendant, Greg Champagne, in his official capacity as Sheriff of St. Charles Parish. Plaintiff, Ernest Eusea, has filed no opposition to the motion. The motion, submitted for consideration on June 5, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

Ernest Eusea filed this civil rights lawsuit pro se, claiming that, on November 3, 2022, St. Charles Parish Sheriff's Office deputies pulled him over in Luling, Louisiana, for speeding, and improperly arrested him for driving without a driver's license. (Amended Complaint, Rec. Doc. 8, at 1, 3). He alleges that he attended his hearing in the 29th Judicial District Court, where the court entered a not guilty plea on his behalf after Eusea would not recognize the court's jurisdiction because it flew "the admiralty or British merchant flag." (*Id.* at 4). He contends that the deputies of the St. Charles Parish Sheriff's Office (the "Sheriff's Office") violated his constitutional rights by arresting him under false pretenses—thus depriving him of his freedom and liberty—shackled him uncomfortably, and "took away [his] time." (*Id.*). He argues that citizens have a right to travel on public roads and that it is therefore unconstitutional to require private individuals to obtain a driver's license to operate a motor vehicle noncommercially. (*Id.* at 5). The remainder of the

1

complaint asserts that the 29th Judicial District Court lacked jurisdiction over Eusea and provides legal citations to the Declaration of Independence, the Articles of Confederation, the Constitution, treatises, and case opinions from the Supreme Court and various state courts in support of his contentions.

Eusea initially joined the Sheriff's Office as a defendant, which moved to dismiss on the grounds that (1) service of process was improper and (2) the Sheriff's Office is an entity incapable of being sued under Louisiana law. (Rec. Doc. 6). The Court denied the motion without prejudice, providing Eusea leave to amend his complaint to join the proper party, Greg Champagne, in his official capacity as Sheriff of St. Charles Parish. (Rec. Doc. 7). Eusea amended within the time provided by the Court, following which Champagne moved to dismiss under Rule 12(b)(6) on the basis that he cannot be held liable for any of the causes of action set forth in the amended complaint.

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

In support of his motion to dismiss, Champagne first asserts that there are no allegations that he was individually present or had any personal involvement in the allegedly violative activity. Therefore, he concludes that the only possible method of finding personal liability must be through respondeat superior, which is also not clearly alleged. Nevertheless, he argues that such a claim should fail. This Court agrees. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 345 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). Therefore, Eusea's claims fail to the extent they assert personal liability under section 1983 through respondeat superior.

Law enforcement supervisors may also be personally liable under section 1983 in specific circumstances. To prove such liability, the plaintiff must allege that "(1) the police chief failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to

deliberate indifference to the plaintiff's constitutional rights." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)). The amended complaint contains no allegations regarding Champagne's role in supervising or training the officers that pulled over and arrested Eusea, nor does it assert that Champagne acted with deliberate indifference to Eusea's constitutional rights. Therefore, to the extent that the complaint attempts to bring any individual liability against Champagne—either vicariously or under a theory of negligent supervision—it must fail.

Champagne also asserts that any *Monell* claim against him should be dismissed. An officer of a local government entity may be sued in their official capacity on behalf of the entity. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that such a suit is "only another way of pleading an action against an entity of which an officer is an agent"). Under *Monell*, municipalities or other local government units only face liability under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. In other words, the policy or custom must result in some constitutional deprivation that causes injury to the plaintiff. Such an official policy may be any one of a "policy statement, ordinance, regulation, etc., that has been officially adopted by a policymaker, or a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy." *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 748 (5th Cir. 2005) (citing *Cozzo v. Tangipahoa Par. Council*, 273 F.3d 273, 289 (5th Cir. 2002)). "The policymaker must have either constructive or actual

knowledge of the alleged policy." *Id.* at 749. Deliberate indifference may serve as the basis of liability. *Sharp v. City of Houston*, 164 F.3d 923, 935 (5th Cir. 1999).

With these general principles in mind, the Fifth Circuit has developed a test which requires a plaintiff to "show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Vardeman v. City of Houston*, 55 F.4th 1045, 1052 (5th Cir. 2022) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). Under this test, "[a] municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson*, 588 F.3d at 847 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Finally, as a general matter, a pattern of unconstitutional conduct by actors on the government entity's behalf may constitute a custom or policy. *See Armstrong v. Ashley*, 60 F.4th 262, 277-78 (5th Cir. 2023) (finding nine isolated incidents insufficient to create a custom or policy).

Considering the above statements of law, the Court finds Champagne's motion meritorious. Even with the most liberal review of Eusea's complaint, this Court cannot discern factual allegations of a custom or practice of the Sheriff's Office, any ratification or promulgation of a custom or practice of the Sheriff's Office, or any other allegation regarding violations by the Sheriff's Office. Instead, Eusea's allegations surround an isolated incident—an arrest for driving without a license. This is insufficient to state a *Monell* claim under section 1983. Therefore, Eusea's claims cannot survive this motion to dismiss.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Rec. Doc. 10)** filed by Defendant, Greg Champagne, in his official capacity as Sheriff of St. Charles Parish,

is **GRANTED**. To the extent Eusea's complaint asserts federal claims premised on 42 U.S.C. § 1983 against Greg Champagne either personally or in his official capacity for the events of November 3, 2022, those claims are dismissed with prejudice.

June 26, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE